IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
DISTRICT OF NEW YORK

| | |
|---|---|
| LAMONT B. SIMMONS, ) | CASE NO. 08-6263 SCR |
| MELISSA R. SIMMONS, ) | |
| on behalf of themselves and all ) | |
| others similarly situated, ) | |
| Plaintiffs, ) | |
| ) | |
| VS. ) | |
| ) | |
| Roundup Funding, LLC, ) | |
| Malen & Associates, P.C. ) | |
| ) | |
| Defendants. | |

**ROUNDUP FUNDING, LLC'S ANSWER TO AMENDED COMPLAINT AND
COUNTERCLAIMS AGAINST PLAINTIFFS**

Now comes, Defendant, Roundup Funding, LLC, ("Roundup") by and through the undersigned counsel, answers the Amended Complaint filed by the Plaintiffs, as follows:

Paragraphs 1-3

I. Introduction

1. Denied.

II. Jurisdiction and Venue

2. Denied.

3. Denied. Venue is improper.

### III. Parties

1. Roundup lacks sufficient information or knowledge to form a belief regarding the truth or falsity and leaves Plaintiffs to their proofs.

2. Denied.

3. Roundup lacks sufficient information or knowledge to form a belief regarding the truth or falsity and leaves Plaintiffs to their proofs.

### IV. Allegations of Fact

4. Admitted.

5. Admitted.

6. Denied. Roundup filed a proof of claim against the bankruptcy estate and not a claim against Plaintiffs individually.

7. Denied. The account summary attached to the proof of claim included information from the assignor, Applied Card Bank.

8. Denied. The account summary is support documentation of the claim, as it included specific account information.

9. Denied. The account summary and the information in the proof of claim is evidence of the ownership of the account.

10. Admitted.

11. Admitted except that responding to an objection to claim is not an attempt to collect a debt against Plaintiffs.

12. Admitted.

13. Admitted. The Bankruptcy Court also denied Plaintiffs request for any sanctions or fees against Roundup.

14. Denied. Attached as Exhibit "A" is a true and correct copy of the amended proof of claim that was filed in the Bankruptcy Court and served upon Plaintiffs' counsel weeks prior to this present action. The amended claim indicates that Plaintiffs intentionally misrepresented the debt owed in their schedules.

15. Denied.

16. Denied.

## V. Count 1

17. Roundup incorporates by reference and realleges its answers to paragraphs 1 through 16.

18. Denied. Plaintiffs do not even fit the class description since they admit to owing the debt and the record reflects that they purposely under represented the amount due and owing in their petition.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied as to the application of the FDCPA to the proof of claim process in bankruptcy process.

30. Denied as to the application of the FDCPA to the proof of claim process in bankruptcy process.

31. Denied.

32. Denied.

33. Denied as to the application of the FDCPA to the proof of claim process in bankruptcy process.

34. Denied.

35. Roundup incorporates by reference and realleges its answers to paragraphs 1 through 34.

36. Denied.

37. Denied.

## AFFIRMATIVE DEFENSES

A. Bankruptcy Court has already ruled on all issues concerning Roundup's proof of claim, including any counterclaims. Therefore, Plaintiffs are barred by collateral estoppel and res judicata from raising any federal or state actions against Roundup based upon the filing of the proof of claim.

B. The Court lacks subject matter jurisdiction and personal jurisdiction per Fed. R. Civ. P. 12(b)(6). Roundup has no offices in the state of New York.

    Roundup filed a proof of claim in Bankruptcy Court without submitting general personal jurisdiction to the District Courts of New York. The matter should be removed to the pending Bankruptcy Court under Fed. R. Civ. P. 12(b)(1), 28 U.S.C. §1452(a) and §1441(a). The Bankruptcy Court has exclusive subject matter and personal jurisdiction to hear all core bankruptcy proceedings involving claims filed before the Bankruptcy Court per 28 U.S.C. §1334 and 157(b)(2).

C. Plaintiffs have failed to state a claim under which relief may be granted per Fed. R. Civ. P. 12(b)(6)

D. The Bankruptcy Code's claim process and administration scheme preclude the application of the FDCPA since the Bankruptcy Code permits creditors from filing disputed claims. *See* 11 U.S.C § 101; 11 U.S.C. §§ 501-502.

E. Plaintiffs have failed to state a claim upon which relief may be granted according to FRCP 12(b)(6) because the FDCPA does not apply to the filing of a proof of claim.

F. The Bankruptcy Code's claim process and administration scheme precludes the application of the FDCPA. The Plaintiffs have the statutory burden under 11 U.S.C. § 502(b)(1) to object to the claim based upon amount or validity.

G. Plaintiff has failed to state a claim upon which relief may be granted according to FRCP 12(b)(6) New York consumer protection laws do not apply to the filing of a proof of claim.

H. The Bankruptcy Code's claim process and administration scheme preempt the application of the New York consumer protection laws. The Plaintiffs have

    the statutory burden under 11 U.S.C. § 502(b)(1) to object to the claim for lack of enforceability due to the statute of limitations.

I. Plaintiff has failed to state a claim upon which relief may be granted according to FRCP 12(b)(6) because, under FRBP 3001(c), the consequence of filing a proof of claim without documentation attached is lack of prima facie validity. Under FRBP 3001, Plaintiff is not entitled to disallowance, monetary awards, or fees.

J. Any damages sustained by the Plaintiffs herein were the direct and proximate result of Plaintiffs' own actions and Roundup should not be held liable for any portion of said damages.

K. Plaintiffs are estopped by the doctrine of unclean hands, as Plaintiffs purposely scheduled the debt for less than the amount that they knew was owed. Plaintiffs received monthly credit card statements with the current balance due and owing prior to the bankruptcy filing; however, Plaintiffs failed to provide the accurate prepetition amount owed despite receiving these monthly statements.

L. At all times herein, Roundup acted honestly, diligently and reasonably in its dealings with Plaintiff.

M. Plaintiffs' counsel is aware of the Bankruptcy Courts position that objections to claims based upon lack of documentation is not a basis to disallow a claim, let alone, award fees against creditors.

N. Filing a proof of claim against the bankruptcy estate is not an attempt to collect a debt against a debtor under the FDCPA.

O. Defendant is not a debt collector under the FDCPA.

P. Filing a proof of claim against the bankruptcy estate is not an attempt to collect a debt against a debtor under the New York consumer protection laws.

Q. The proof of claim amount filed is supported by documentation, as shown by the amended claim that attached the prepetition monthly credit card statements.

## COUNTERCLAIMS

1. Plaintiffs are liable under the FDCPA and New York consumer protection laws for attorney's fees and costs (fee shifting provisions) since they:

    a. failed to file the action before the pending Bankruptcy Court, which has exclusive subject matter jurisdiction; they did not present the matter before the Bankruptcy Court due to the likelihood of being sanctioned by the Bankruptcy Court;

    b. filed the action in bad faith before this Court knowing that the Bankruptcy Court already resolved all issues concerning the proof of claim filing;

    c. filed the action in bad faith before this Court to harass Roundup;

    d. filed the action in bad faith before this Court after Plaintiffs failed to raise the FDCPA and New York consumer protection claims in the original objection to claim;

    e. refused to dismiss this action against any of the Defendants despite repeated requests

2. Plaintiffs' attorney filed the Complaint and Amended Complaint to harass Roundup in violation of Fed. R. Bankr. P. 9011.

3. Plaintiffs filed the Complaint and Amended Complaint to harass Roundup in violation of Fed. R. Bankr. 9011.

4. The Complaint and Amended Complaint is frivolous.

### RELIEF REQUESTED

1. Dismissal of the Complaint and Amended Complaint in its entirety;

2. Awarding of fees and costs against Plaintiffs pursuant to the fee shifting provisions under the FDCPA and the New York consumer protection laws raised by Plaintiffs.

3. Removal of the matter to the Bankruptcy Court.

4. For such other and further relief as this Court deems appropriate.

DATED this 23rd day of September, 2008.

Respectfully Submitted:         Appearing Pro Hac Vice:

_____/s/ Linh K. Tran_____
Attorney for Roundup Funding, LLC
Linh K. Tran, CASBN #224662
2101 Fourth Avenue, Suite 900
Seattle, WA  98121
Telephone:  1-800-592-3484
Facsimile:  206-239-1958