**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LAMONT B. SIMMONS,<br>MELISSA R. SIMMONS,<br>on behalf of themselves and all<br>others similarly situated,<br>Plaintiffs,<br><br>VS.<br><br>Roundup Funding, LLC,<br>Malen & Associates, P.C.<br><br>Defendants. | ) CASE NO. 08-6263 SCR<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO REMOVE CASE TO BANKRUPTCY COURT AND REQUEST FOR ATTORNEY'S FEES**

Now comes Defendant, Roundup Funding, LLC, ("Roundup") by and through the undersigned counsel, and hereby submits the following in support of Roundup's motion to dismiss Plaintiffs' complaint/amended complaint for lack of subject matter jurisdiction per Fed. R. Civ. P. 12(b)(1), or in the alternative, remove this matter to the pending bankruptcy case, 07-23060, before the Honorable Adlai S. Hardin Jr. ("Bankruptcy Court") pursuant to 28 U.S.C. §1452(a) and §1441(a), and request for attorney's fees pursuant to 15 U.S.C. 1692k.  Roundup joins and incorporates by reference all arguments or pleadings presented by Defendant, Malen & Associates, P.C. ("Malen").

**I. INTRODUCTION**

The matter should be removed to the pending Bankruptcy Court under Fed. R. Civ. P. 12(b)(1), 28 U.S.C. §1452(a) and §1441(a).  The Bankruptcy Court has exclusive subject matter and personal jurisdiction to hear all core bankruptcy proceedings involving claims filed before the

1

Bankruptcy Court per 28 U.S.C. §1334 and 157(b)(2). Most importantly, Roundup believes that this issue has already been adjudicated by the Bankruptcy Court by a final order allowing Roundup's underlying claim and rejecting Plaintiffs' request for fees or sanctions against Roundup.  Plaintiffs counsel is acutely aware that the Bankruptcy Court has sole subject matter jurisdiction since he continues to file pleadings in the pending bankruptcy case.  Plaintiffs counsel is now attempting to relitigate the Bankruptcy Court's order through this Court.

Since Plaintiffs raised the Fair Debt Collect Practices Act ("FDCPA"), Plaintiffs are liable to Roundup for attorneys' fees and cost under the fee-shifting provision of the FDCPA.   At this time, Roundup merely requests attorneys' fees for compensation associated with dismissing this matter for lack of subject matter jurisdiction or removing this matter to the Bankruptcy Court. Had Plaintiffs' counsel not tried to forum shop and relitigate the same issues decided by the Bankruptcy Court (res judicata) before this Court, at the minimum, Roundup would not have incurred fees and costs in removing the matter to the proper forum.  Roundup has had difficulty in retaining local counsel since its local counsel for New York, Malen, is included as a co-defendant. However, Roundup joins and incorporates by reference all pleadings filed by Defendant, Malen & Associates, P.C. ("Malen").

**II. STATEMENT OF FACTS**

On or about October 30, 2007, Debtors, Lamont Simmons and Melissa Simmons, filed for bankruptcy protection under Chapter 13 of the bankruptcy code[1]. Thereafter, Roundup, the holder

---

[1] ' United States Bankruptcy Court of the Southern District of New York, Case No.: 07-23060. Plaintiffs' counsel is currently suspended from the practice of law in the State of New York. As such, it is believed that the Plaintiffs' counsel, by maintaining an office to practice law in the State of New York and filing actions in this Court, is practicing law in violation of the suspension order. See Affidavit of Paul Mahler.

of a validly due and owing account, filed a Proof of Claim. On March 14, 2008, Debtors filed a motion objecting to the Proof of Claim filed by Roundup and requesting sanctions against Roundup. Roundup retained Defendant, Malen & Associates to oppose the objection to claim. On April 1, 2008, Malen filed a response to the Debtors' objection to claim with the Bankruptcy Court and filed a supplemental response to include an additional exhibit. On April 17, 2008, the Bankruptcy Court allowed the claim however reduced the amount of the filed proof of claim to the amount admitted in the Plaintiffs' schedules. Additionally, the Bankruptcy Court denied the Plaintiffs' request for attorney's fees.

At this juncture, it is important to note that at no time did Malen or Roundup ever communicate with the Plaintiffs nor did Malen or Roundup ever attempt to collect a debt from the Plaintiffs. All communication occurred between the attorneys for the two parties concerning active litigation over Roundup's proof of claim before the Bankruptcy Court. Plaintiffs allege that filing a proof of claim higher than the amount that the Plaintiffs scheduled in their petition is a violation of the FDCPA, despite the fact that Plaintiffs intentionally understated the amount due in their petition.

The Complaint and Amended Complaint are filed in bad faith and violate Fed. R. Bankr. P. 9011 and Fed. R. Civ. P. 11. Plaintiffs named Roundup's New York local counsel, Malen, as a co-defendant in this case to harass both Malen and Roundup. Plaintiffs' counsel refuses to withdraw the current action despite the fact that Malen provided the case citations to the Debtors' attorney[2] holding the FDCPA inapplicable to a proof of claim filing. Plaintiffs' counsel refuses to withdraw this matter.

---

[2] Copies of the letters addressed to Plaintiffs' counsel are annexed to the Affidavit of Paul Mahler for the purpose of this Court addressing Roundup's request for attorney's fees.

### III. LAW & ARGUMENT

*1.    The Bankruptcy Court has Sole Subject Matter Jurisdiction.*

Under 28 U.S.C. § 157(b), all core bankruptcy matters and proceedings must be brought before the Bankruptcy Court. Core matters include by are not limited to "allowance or disallowance of claims against the estate" and "counterclaims by the estate against persons filing claims against the estate". 28 U.S.C. § 157(b)(2)(B) and (C). The filing of a proof of claim is a core proceeding, as well as any counter claims by a debtor/plaintiff against the creditor based upon the filing of a claim. All issues arising from the proof of claim filing are core proceedings that must be presented before the Bankruptcy Court. Plaintiffs' counsel had already presented his argument before the Bankruptcy Court in the Objection to Claim and is estopped by res judicata from relitigating the Bankruptcy Court's Order Allowing the Claim. Plaintiffs' counsel is also estopped by lack of subject matter jurisdiction from continuing this frivolous action.

The Bankruptcy Court recently admonished Plaintiffs' counsel for routinely objecting to claims that are admitted as due and owing. Roundup believes that Plaintiffs' counsel purposely chose not to file this action before Bankruptcy Court after the Bankruptcy Court had already ruled on the issue. The Bankruptcy Court should be aware of Plaintiffs' attempt to collaterally attack its ruling on the matter by forum shopping. Roundup requests the Court to remove the matter to the Bankruptcy Court.

*2. No FDCPA claim lies for filing a Proof of Claim.*

Numerous courts have addressed the issue of whether actions taken in Bankruptcy Court, guided by the Bankruptcy Code and the Rules of the Bankruptcy Court preclude claims under the FDCPA. The Supreme Court in <u>Kokoszka v. Belford</u>, 417 U.S. 642 (1974) stated: [T]he consumer

credit protection act [of which the FDCPA is a part] sought to prevent consumers from entering bankruptcy in the first place. However, if despite its protection, bankruptcy did occur, the debtor's protection and remedy remained under the Bankruptcy Act [the predecessor of the Bankruptcy Code]. Id at 650. Based upon this, courts have reasoned that if "Congress did not intend to interfere with the bankruptcy scheme though the Consumer Credit Protection Act, it follows that [the plaintiff cannot assert a claim for damages under the FDCPA when the Bankruptcy Code does not provide for it." Kibler v. WFS Fin., Inc., 2000 WL 1470655 at "9 (C.D. Cal, 2000).

In Gray-Mapp v. Sherman, 100 F. Supp. 2d 810 (N.D. Ill. 1999) the court also concluded that the Bankruptcy Court precluded plaintiffs FDCPA claim, which was brought upon an allegedly inflated proof of claim. The court found that an FDCPA claim could not be based on allegedly fraudulent proof of claims that were filed during the bankruptcy process. The court reasoned that neither the Bankruptcy Code nor the FDCPA suggested "that a debtor should be permitted to bypass the procedural safeguards in the code in favor of asserting potentially more lucrative claims under the FDCPA." Id. 814. Furthermore, the court found that there was nothing in the FDCPA [which] suggested [that it] was intended as an overlay to the protections already in place in the bankruptcy proceedings." Id.

Additionally, the Northern District of New York in the matter of Diamante v. Solomon & Solomon, p.c., 2001 WL 1217226 (N.D.N.Y. 2001)[3] concluded that no FDCPA claim or a state law claim may be brought based upon actions that occurred in the Bankruptcy Court. "To permit such claims would thwart Congress's intent in promulgating the Bankruptcy Court to create a single federal system to adjust all of the rights and duties of both creditors and debtors." Id. at 5.

---

[3] See Affidavit of Paul Mahler.

   3. *Filing a Proof of Claim Against a Bankruptcy Estate is Not an Attempt to Collect a Debt Against a Debtor.*

Without waiving any of the arguments below and assuming that the FDCPA could apply to the proof of claim process, the filing of a proof of claim cannot be a collection action against a debtor. The filing of a bankruptcy petition under 11 U.S.C. §§ 301, 302 or 303 creates a bankruptcy estate, which consists of the debtors' legal or equitable interest in property. *See* 11 U.S.C. § 541(a). A filing of a proof of claim is a special administrative process, in which a creditor can recover solely against the bankruptcy estate only through the trustee's administration of the estate. *See* 11 U.S.C. §501; Fed. R. Bankr. P. 3001-3002. The automatic stay absolutely prohibits any direct or indirect collection of payments from the debtor, as well as any "enforcement of rights." *See* 11 U.S.C. § 362. The automatic stay precludes the FDCPA by prohibiting any creditor from enforcing its rights against the debtor or collecting directly from the debtor upon filing of the voluntary petition. Filing a proof of claim in the bankruptcy, to be paid solely by the bankruptcy estate, is not an attempt to collect a debt against the debtor personally.

   4. *The Bankruptcy Code and Rules Preempt All State Law Claim Arising from the Filing of a Proof of Claim; and the Bankruptcy Court Has Exclusive Subject Matter Jurisdiction.*

The state law claims which are based upon alleged violation of the Bankruptcy Code are preempted by the Bankruptcy Code. <u>Diamante</u> at 5. "Of the Courts that have held that the Bankruptcy Code preempts state law claims based upon violations of the Bankruptcy Code have reasoned that the 'complex, detailed, and comprehensive provisions of the lengthy Bankruptcy Code... demonstrate Congress's intent to create a whole system under federal control which is designed to bring together and adjust all of the rights and duties of creditors and embarrassed debtors alike.'" citing <u>MSR Exploration, LTD. v. Meridian Oil, Inc.</u>,74 F. 3d 910, 914 (9t11 Cir.

1996). "Therefore, those courts have concluded that because the Bankruptcy Code provides a remedial scheme for addressing violations of the Bankruptcy Code it preempts state law claims based upon such violations." Diamante at 5. The Bankruptcy Court provides a remedy for a debtor who alleges an objection to a proof of claim. The remedy is for the debtor to file a motion objecting to the claim pursuant to 11 U.S.C. §501, 502 and Rule 3007. The creditor may appear and oppose the motion and the Bankruptcy Court will issue a ruling based upon its findings of fact and conclusions of law. Assuming that the state law claims are viable, the Bankruptcy Court still has exclusive subject matter jurisdiction to review such state law claims since they are counterclaims against a creditor arising out of a proof of claim filing within the bankruptcy case.

*5. Roundup is Entitled to Fees and Costs Against Plaintiffs Under the FDCPA.*

It is respectfully submitted that the Plaintiffs' Complaint was filed in bad faith and for the purpose of harassment of the creditor and creditor's attorney. Under 15 U.S.C § 1692k(a)(3), Roundup is entitled to attorney's fees and costs. Attorney's fees may be awarded for the initiation of a merit less FDCPA suit. See Sierra v. Garbus, 48 F. Supp. 2d 393 (SDNY 1999). First, Plaintiffs' counsel should never have filed this action before this Court, as the proper forum is before the pending bankruptcy case. Second, Plaintiffs' counsel should never have listed Roundup's local counsel, Malen, as a co-defendant. Plaintiffs' counsel included Roundup's local counsel to maliciously increase the costs for Roundup and Malen. Third, the only communication between Roundup and Plaintiffs are only between their respective attorneys concerning pending litigation. None of which are subject to the FDCPA. Fourth, the Plaintiffs refuse to dismiss this matter even though Malen has provided Plaintiffs many opportunities to dismiss the case. Roundup has waited until now to allow Plaintiffs the opportunity to dismiss. And most

importantly, Plaintiffs should be liable for attorney's fees and cost for wasting this Court's time on issues that have already been resolved by the Bankruptcy Court.

**IV. CONCLUSION**

At the minimum, Roundup requests award of attorney's fees and costs associated with removing this action to the Bankruptcy Court since Plaintiffs' counsel intentionally filed the action in the wrong forum in hopes to collaterally attack the Bankruptcy Court's earlier decision allowing Roundup's claim.  For all the foregoing reasons, Roundup prays that the Court dismiss the action and award attorney's fees to Roundup or in the alternative, prays that the Court remove the action to the Bankruptcy Court and award attorney's fees to Roundup.

Respectfully Submitted:         Appearing Pro Hac Vice:

                                                  ____/s/ Linh K. Tran___ _____
                                                  Attorney for Roundup Funding, LLC
                                                  Linh K. Tran, CASBN #224662
                                                  2101 Fourth Avenue, Suite 900
                                                  Seattle, WA  98121
                                                  Telephone:  1-800-592-3484
                                                  Facsimile:  206-239-1958