**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------x
LAMONT B. SIMMONS
MELISSA R. SIMMONS
on Behalf of Themselves and All Others
Similarly Situated
     Plaintiffs,     CLASS ACTION
vs.             Case No. 08-6263-SCR

ROUNDUP FUNDING, LLC
MALEN & ASSOCIATES, P.C.
    Defendants.
-----------------------------------------x

## AFFIRMATION IN OPPOSITION TO ROUNDUP FUNDING LLC'S MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO REMOVE CASE TO BANKRUPTCY COURT AND REQUEST FOR ATTORNEY'S FEES

  I, Shmuel Klein, counsel for the Plaintiffs herein, affirm under penalty of perjury, state that I have knowledge of the following and state the same is true except for those matters stated "upon information and belief" and as to those matters, I believe them to be true.

1. This Affirmation is in Opposition to the Motion of Roundup Funding motion to dismiss or in the alternative remove the action to Bankruptcy Court.  This action was brought by Plaintiffs, Lamont B. Simmons and Melissa R. Simmons, on behalf of themselves and all others similarly situated, for Defendants' joint and several violation of the FDCPA in filing and defending a proof of claim filed in Plaintiff's bankruptcy.

2. Plaintiffs, Lamont B. and Melissa R. Simmons filed for Bankruptcy on October 30, 2007. Plaintiffs listed Applied Card Systems, Inc., as an unsecured creditor on Schedule F, in the amount of $1,100.00. (See Exhibit "A").

3. On December 6, 2007, Roundup Funding, LLC ("Roundup") filed a proof of claim in Plaintiffs case for nearly double the amount of $2,039.71. (See Exhibit "B"). An "account summary" was attached to the proof of claim, and indicated that Roundup is

the assignee of Applied Card Systems, Inc. This "account summary" was merely a self-generated statement by Defendants. No other documentation was included with the proof of claim to justify or otherwise explain how Roundup arrived at the figure of $2,039.71.

4. Roundup failed to attach any assignment or other "chain of title" to show they were in fact the assignees of Plaintiffs' account, and had some standing to file a proof of claim.

5. On March 14, 2008, the Law Office of Shmuel Klein, PC, on behalf of Plaintiffs, filed an objection to Roundup's claim. (See Exhibit "C").

6. On April 1, 2008, Roundup's counsel, Malen & Associates, filed a Response to Plaintiffs' Motion on behalf of Roundup, attaching the same "account summary" and a copy of Plaintiffs' Bankruptcy Schedule F, in its support of the validity of the claim, to collect a debt. (See Exhibit "D").

7. On April 15, 2008, Roundup's counsel, Malen & Associates filed a supplemental Response to Plaintiffs' Motion, on behalf of its client. (See Exhibit "E"). Malen & Associates attached as an exhibit an "Assignment of Accounts", which showed that Roundup Funding, LLC bought 804 accounts from Applied Card Systems, Inc., to collect a debt. The assignment of accounts did not list Plaintiffs' account. (See Exhibit "F").

8. On April 17, 2008, a hearing was held in front of the Bankruptcy Judge, the Honorable Judge Hardin, who Ordered that the claim be reduced to $1,100.00, the amount stated in Plaintiffs' schedules. (See Exhibit "G").

9. On June 19, 2008, Roundup Funding filed an Amended Proof of Claim for the amount of $1,802.21, this time attaching invoices from Applied Card Bank. (See Exhibit "H"). This amount was far less then the $2,039.71 Roundup tried to collect initially, and is also not consistent with Plaintiffs' schedules.

10.     Neither Roundup nor its attorney, Malen & Associates, P.C., were in possession of any documents to show Plaintiffs owed a debt, when Roundup filed its proof of claim.

11.     Roundup, individually and through its attorney, Malen & Associates, P.C., attempted to collect a debt, by almost doubling the debt Plaintiff owed in violation of 15 U.S.C. 1692 et seq., and in violation of the NY General Business Law § 349.

12.     Upon information and belief, based upon public records obtained through PACER, (See Exhibit "I"), Roundup Funding, LLC, and its attorney, Malen & Associates, P.C., engage in a pattern and practice of repeatedly attempting to collect non-existent debts, inflating amounts, and filing proofs of claim in bankruptcy proceedings without any documentation which would give them the right to collect the debt.

13.     Since Roundup, in its motion, incorporates by reference all the pleadings filed by Defendant Malen and Associates, P.C., Plaintiff hereby incorporates by reference all pleadings filed in response and/or in opposition to Malen's pleadings.  See Exhibit G.

14.     Contrary to Roundup's assertion in its Motion, this matter belongs in Bankruptcy Court, only this Court has jurisdiction of a Fair Debt Collection Practices Act violation. This is a class action for Defendants' pattern and practice of unlawful debt collection activity. As such, this issue cannot be adjudicated in Bankruptcy Court. The Bankruptcy Court in this matter simply ruled regarding the amount of one Proof of Claim against Plaintiff. In this District Court action now, Plaintiff's seek relief on behalf of a class who were taken advantage of by Roundup and Malen's violative debt collection practices.

15.     Malen boldly asserts in its Motion "At no time did Malen or Roundup ever communicate with the Plaintiffs *nor did Malen or Roundup ever attempt to collect a debt from the Plaintiffs*". (Memorandum of Law, p. 3) (Emphasis added). This is simply ridiculous. The filing of a bankruptcy proof of claim is an attempt to collect a debt. Had Roundup not sought to collect a debt, they would not file a proof of claim. Furthermore, Roundup had an opportunity to cease its violative collection efforts after Plaintiffs'

counsel objected to their claim. However, they retained Malen and together further attempted to collect the debt.

16. Roundup asserts in its Motion that Plaintiffs understated the amount due to Applied Card in their petition. Plaintiff's accurately reiterated the amount stated on their credit report as furnished by Applied Card. Upon information and belief, Plaintiffs were charged unauthorized interest and fees on top of the actual amount owed. The collection of unauthorized interest and fees is also a violation of the FDCPA.

17. Plaintiffs filed this action seeking class action certification against Defendants' pattern and practice of joint and several violations of the FDCPA, and New York Consumer laws. Roundup's allegation that Plaintiffs named Malen as a defendant in this case "to harass both Malen and Roundup" (Memorandum, p. 3) is unfounded and Roundup should not be awarded any attorney's fees or costs in this matter. Plaintiffs should be awarded fees and costs for opposing this frivolous motion.

18. Defendants conduct was clearly in violation of the FDCPA. This case clearly belongs in this forum and dismissal or transfer of this action would be erroneous as discussed in the Memorandum of Law filed herewith.

WHEREFORE, Plaintiffs respectfully pray that the Court deny Defendant Roundup Funding, LLC's Motion to Dismiss or in the Alternative Motion to Remove Case to Bankruptcy Court, and for fees and costs awarded to Plaintiffs for opposing this motion.

Dated: October 13, 2008  _____/s/_____
Spring Valley, New York  Shmuel Klein (SK 7212) Fed. Ct. only
Law Office of Shmuel Klein, PC
268 Route 59
Spring Valley, New York 10977
(845) 425-2510
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
LAMONT B. SIMMONS
MELISSA R. SIMMONS
on Behalf of Themselves and All Others
Similarly Situated
    Plaintiffs,    CLASS ACTION
vs.    **Case No. 08-6263-SCR**

ROUNDUP FUNDING, LLC
MALEN & ASSOCIATES, P.C.
    Defendants.
----------------------------------------x

## MEMORANDUM OF LAW IN OPPOSITION TO ROUNDUP FUNDING LLC'S MOTION TO DISMISS OR IN THE ALTERNATIVE MOTION TO REMOVE CASE TO BANKRUPTCY COURT AND REQUEST FOR ATTORNEY'S FEES

Comes Now, the PlaintiffsLAMONT B. SIMMONS, MELISSA R. SIMMONS on Behalf of Themselves and All Others Similarly Situated by and through the Law Office of Shmuel Klein, PC, and files this Memorandum of Law in further Opposition to Defendant Roundup Funding LLC's ("Roundup") Motion to Dismiss or in Alternative to Remove Case to Bankruptcy Court and Request for Attorney's Fees. Plaintiff hereby incorporates herein the Affirmation and Exhibits, filed herewith, and the Affirmation and Memorandum of Law previously filed in Opposition to Defendant Malen & Associates, P.C. Rule 12b(6) Motion to Dismiss.

## PRELIMINARY STATEMENT

This action was brought by Plaintiffs, Lamont B. Simmons and Melissa R. Simmons, on behalf of themselves and all others similarly situated, for Defendants' joint and several violation of the FDCPA in filing and defending a proof of claim filed in Plaintiff's bankruptcy.

Roundup Funding, LLC nor its attorney, Malen & Associates, P.C., had original documents to support the amount stated in its proof of claim.

Roundup Funding, LLC, individually and through its attorney, Malen & Associates, P.C., attempt to collect a non-existent debt, by almost doubling the debt Plaintiff owed to Applied Card Systems, Inc., in violation of 15 U.S.C. 1692 et seq., and in violation of the NY General Business Law § 349. Upon information and belief, based on public records obtained through PACER, Roundup Funding, LLC, and its attorney, Malen & Associates, P.C., engage in a pattern and practice of repeatedly attempting to collect non-existent debts, inflating debt amounts, and filing proofs of claim in bankruptcy proceedings without any documentation which would give them the right to collect the debt.

## **ARGUMENT**

### I. PLAINTIFFS BROUGHT THE ACTION IN THE PROPER FORUM AND THIS COURT HAS SUBJECT MATTER JURISDICTION IN THIS CASE

In its Memorandum in Support of its Motion, Roundup incorrectly "believes that Plaintiffs' counsel purposely chose not to file this action before the bankruptcy court" because it asserts that the Bankruptcy Court "has already ruled on this issue". Roundup alleges that "the Bankruptcy Court should be aware of Plaintiff's attempt to collaterally attack its ruling on the matter by forum shopping". This allegation is not supported by the law and is a violation of Rule 11 of FRCP.

The District Court is the proper court when bringing a class action lawsuit for Defendants' pattern and practice of collecting debts in violation of the FDCPA. Plaintiff is not seeking to relitigate any issue decided by the Bankruptcy Court. The allegation is sanctionable on its face.

Defendant Malen primarily cited to Gray-Mapp v. Sherman, 100 F. Supp. 2d 810 (N.D. Ill. 1999) in its motion to Dismiss. The Gray-Mapp Court was clear that in an instance where there is a valid Class Action claim, it must be litigated in District Court, since the Bankruptcy Court is not intended for a jury trial.

> "Lenior v. GE Capital Corp. (In re Lenior), 231 B.R. 662, 668 (Bankr.N.D.Ill. 1999) (bankruptcy court is not a forum for the recovery of money that would not be part of the bankruptcy estate of the particular debtor); N.I.S. Corp. v. Hallahan (In re Hallahan), 936 F.2d 1496, 1505-06 (7th Cir.1991) (no right to jury trial in voluntarily-filed bankruptcy proceeding unless, perhaps, claims involve personal injury or wrongful death). But see Aiello v. Providian Financial Corp (In re Aiello), 231 B.R. 693, 706 (Bankr.N.D.Ill.1999) (where district court referred class action complaint to bankruptcy court, bankruptcy court had jurisdiction over the class allegations); In re Grabill Corp., 967 F.2d 1152 (7th Cir.1992) (Posner, C.J., dissenting) (question of whether bankruptcy judges should be allowed to conduct jury trials has not been answered by Congress but should be answered "yes")."

Id.

However the Gray-Mapp Court found that in that case, there was no class action because the Plaintiff there could not prove certification under Rule 23(a), so it did not rule on the issue of whether the district court had jurisdiction in that matter. In this case, however, Plaintiffs have clearly established a valid class action basis (see Plaintiff's Motion for Certification of Class), as records of a clear, large-scale pattern and practice of Defendants engaging in the same conduct as alleged in the Complaint. Plaintiffs and the class members must be given the opportunity to be heard in this class action in a forum of the District Court.

Given the fact that this is a District Court case, and the cause of action is a Federal statute, the FDCPA, Defendant's argument that the state law claims are preempted by the bankruptcy code must fail as well.

## II. AN FDCPA CLAIM EXISTS WHEN VIOLATIVE ACTION OCCURS IN THE FILING OF A PROOF OF CLAIM.

The sole purpose of filing a proof of claim is to collect a debt. The purpose of defending a proof of claim is also to collect a debt.

Defendant, in its Motion to Dismiss, cites to <u>Gray-Mapp v. Sherman</u>, 100 F. Supp. 2d 810 (N.D. Ill. 1999). This matter is considerably different then <u>Gray-Mapp,</u> since it is distinguishable in fact and in law.

In <u>Gray-Mapp</u>, the Debtor never filed an Objection to Claim, but started a lawsuit right away against Sherman, who filed an inflated proof of claim for an amount greater than Debtor owed it. The Court in <u>Gray-Mapp</u> was mainly concerned not with whether or not Debtor had a valid claim, but rather if Debtor failed to take advantage of the appropriate bankruptcy remedies, before filing the Federal action.

Very recently, a Bankruptcy Court in <u>In re Rogers</u>, Case No. 07-11293 (Bankr. M. D. La. 7/21/2008) (Bankr. M. D. La., 2008) discussed the issue of whether the FDCPA applies to Proof of Claims filed in an Bankruptcy. The <u>Rogers</u> Court found that the FDCPA does apply to violative debt collection activity when filing a Proof of Claim.

The following is the analysis in <u>In re Rogers</u>:

> "The Fifth Circuit has not ruled on this specific issue, and the only two circuit courts of appeal that have considered it disagree on whether actions under both the Bankruptcy Code and the FDCPA can co-exist.
>
> The Ninth Circuit held <u>Walls v. Wells Fargo</u>, 276 F.3d 502 (9th Cir. 2002) that a debtor may not maintain simultaneous actions under both 11 U.S.C. §105 and the FDCPA. The court wrote that the debtor's FDCPA claim was actually an action for sanctions under Bankruptcy Code §105 for the creditor's alleged violation of the 11 U.S.C. §524 discharge injunction. Id. at 510. As a result, the debtor/plaintiff's sole remedy was under the Bankruptcy Code, and the debtor could not "circumvent the remedial scheme of the Code" by suing the creditor under the FDCPA. <u>Id</u>.

      A different analysis <u>Randolph v. IMBS, Inc.</u>, 368 F.3d 726 (7th Cir. 2004) led the court to conclude that a debtor could make an FDCPA claim for a creditor's alleged violations of the discharge injunction. The Seventh Circuit decided that although the Bankruptcy Code and the FDCPA may overlap, the Bankruptcy Code did not repeal the FDCPA. Thus, it reasoned that a debtor can bring an action against a creditor under both provisions. The court declared that "[o]ne federal statute does not preempt another," but that one of two federal statutes addressing the same subject implicitly can repeal the other if there is an "irreconcilable conflict between the statutes or a clear expressed legislative decision that one replace the other." <u>Id</u>. at 730. <u>Randolph</u> held that a debtor could seek to enforce both title 11's provision penalizing intentional violations of the automatic stay and the FDCPA, concluding that the "operational differences" between the two schemes were not irreconcilable.

      Reported decisions from several lower courts considering whether a debtor can seek relief under the FDCPA specifically in connection with the filing of a proof of claim in a bankruptcy proceeding, including Seventh Circuit jurisprudence preceding <u>Randolph</u>, have concluded a debtor cannot seek relief under the FDCPA for creditors' actions relating to their bankruptcy cases."

(Citations omitted)

      "Most of the opinions concluding that the Bankruptcy Code precludes an action under the FDCPA pre-date <u>Randolph</u>. The others are either factually distinguishable or based on limited reasoning. The thoughtful analysis of <u>Randolph</u>, on the other hand, is persuasive, and supports the conclusion that debtors may urge a FDCPA claim for alleged actions of [Defendant] in connection with their bankruptcy case. Based on the allegations of the debtors' complaint, it is not possible to conclude on a motion to dismiss that the debtors cannot prove facts entitling them to relief under the FDCPA."

<u>Id.</u>

      The facts in <u>Rogers,</u> *supra* are very similar to the case at hand. The debt collector in that case also filed proof of claims without having proper documentation to support their claim, and also by trying to collect time barred debt. Therefore, the Defendants should be held liable for violation of the FDCPA.

### III. THE FILING OF A PROOF OF CLAIM IS INDEED AN ATTEMPT TO COLLECT A DEBT

Contrary to Roundup's assertion that the FDCPA does not apply to filing a proof of claim because it can not be construed as a collection against the debtor, but rather the estate, the primary purpose of filing a proof of claim is to collect a debt. The funding of the debtor's plan to pay the debts of the estate comes from the Plaintiffs. See <u>In re Dwiggins</u>, 359 B.R. 717 (Bankr. W.D. Ark., 2007), "The filing of a proof of claim is arguably the most fundamental step in collecting a debt in bankruptcy because, if allowed, it establishes the creditor's right to payment." 11 U.S.C. § 101(5)(a), 501 & 502 (2000).

A creditors actions in filing a proof of claim affect the debtor directly, as it is the debtor who makes monthly payments to the trustee to pay off all the creditors, until the bankruptcy is discharged. A claim based on a non-existent debt raises the monthly payments a debtor will be expanding. Nothing in the FDCPA dictates that a proof of claim is exempt from the statute, and any collection activity on a consumer debt is subject to the FDCPA.

### VI. ROUNDUP IS NOT ENTITLED TO ANY ATTORNEY'S FEES AND PLAINTIFF SHOULD BE AWARDED ATTORNEY'S FEES FOR OPPOSING THIS MOTION.

Plaintiffs brought this action for Defendants' pattern and practice of violative conduct in filing and defending Proof of Claims. Contrary to Defendant Roundup's assertion, the Complaint was not filed "in bad faith and for the purpose of harassment of creditor and creditor's attorney". Therefore, Roundup should not be awarded any

attorney's fees, and Plaintiffs should be entitled to fees and costs for opposing this baseless motion.

## **CONCLUSION**

WHEREFORE, Plaintiffs respectfully pray that the Court deny Defendant Roundup Funding, LLC's Motion to Dismiss or in the Alternative Motion to Remove Case to Bankruptcy Court, and for fees and costs awarded to Plaintiffs for opposing this motion.

Dated: October 13, 2008                         _____/s/_____
Spring Valley, New York                Shmuel Klein (SK 7212) Fed. Ct. only
                                                                  Law Office of Shmuel Klein, PC
                                                                  268 Route 59
                                                                  Spring Valley, New York 10977
                                                                  (845) 425-2510
                                                                  Attorney for Plaintiffs

CERTIFICATE OF SERVICE

    I, Shmuel Klein, an attorney admitted to practice in this court affirm under the penalties of perjury that I am not a party to this action and that I am over the age of 18 years old. I am associated with the Law Office of Shmuel Klein, PC located at 268 Route 59, Spring Valley, New York, 10977 and I served the within Opposition to Motion to Dismiss on October 13, 2008, by uploading to ECF, to:


Paul W. Mahler
Malen & Associates, PC
123 Frost Street, Suite 203
Westbury, New York 11590

Linh K Tran
Roundup Funding, LLC
2101 Fourth Avenue
Seattle, WA 98121


                                             _____/s/_____
                                                     Shmuel Klein