UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------X

LAMONT B. SIMMONS and MELISSA R. SIMMONS, on behalf of themselves and all others similarly situated,

Plaintiffs,

-against-

ROUNDUP FUNDING, LLC, and MALEN & ASSOCIATES, P.C.

Defendants.

-----------------------------------X

08 Civ. 6263 (RWS)

OPINION


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/23/09

Attorneys for Plaintiffs

SHMUEL KLEIN, ESQ.
268 Route 59
Spring Valley, NY 10977

Attorneys for Defendant
Roundup Funding, LLC

LINH K. TRAN, ESQ.
2101 Fourth Avenue
Seattle, WA 98121

Attorneys for Defendant
Malen & Associates, P.C.

PAUL W. MAHLER, ESQ.
123 Frost Street, Suite 203
Westbury, NY 11590



**Sweet, D.J.**

Defendant Roundup Funding, LLC ("Roundup") has moved pursuant to Rule 12(b)(1), Fed. R. Civ. P., to dismiss the complaint of Lamont B. Simmons and Melissa Simmons (the "Simmons" or the "Plaintiffs"), or in the alternative, to remove this action to the bankruptcy court now presiding over the related pending bankruptcy action pursuant to 28 U.S.C. §§ 1452(a) and 1441(a) and for attorneys' fees pursuant to 15 U.S.C. 1692k. Defendant Malen & Associates, P.C. ("Malen") (collectively with Roundup, the "Defendants") has also moved to dismiss Plaintiffs' complaint under Rule 12(b)(6), Fed. R. Civ. P., and for attorneys' fees and costs. Upon the conclusions set forth below, both motions to dismiss are granted, and the complaint is dismissed with prejudice.

This putative class action alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), involves the filing of a proof of claim in the Simmons' bankruptcy which allegedly exceeded their admitted debt of $1,100.00 by $939.10. It is a careless claim made without adequate allegations, and the complaint borders on frivolity.

## I. PRIOR PROCEEDINGS

The complaint was filed on July 10, 2008. Correspondence was exchanged and the Amended Class Action Complaint (the "ACAC") was filed on July 22, 2008.

The instant motion was made by Malen on August 26, 2008, and fully submitted by September 22, 2008. On September 25, 2008, Roundup filed its companion motion to dismiss, and on October 17, 2008, the opposition of the Plaintiffs was filed. A pretrial conference was scheduled for January 29, 2009, which was adjourned pending the outcome of the Defendants' motion by order of January 12, 2009.

On June 5, 2009, the action was reassigned to this Court.

## II. THE ALLEGATIONS

The following allegations, taken from the ACAC, are accepted as true for the purpose of resolving the instant motions to dismiss.

The ACAC alleges that the Simmons filed for bankruptcy protection on October 30, 2007[1] and listed Applied Card Systems, Inc., as a creditor in the amount of $1,100.00. On December 6, 2007, Roundup filed a proof of claim in the amount of $2,039.21, stating that it was the "assignor" [sic] of Applied Card Systems, Inc., without attaching supporting documents.

On behalf of Plaintiffs, the Law Office of Shmuel Klein, P.C. ("Klein"),[2] Plaintiffs' counsel, filed an objection to Roundup's claim on March 14, 2008. On April 1, 2008, Malen, on behalf of Roundup, filed a Response to Plaintiffs' Motion, attaching an account summary and a copy of Plaintiffs' Bankruptcy Schedule F in support of its claim. On April 15, 2008, Malen filed a supplemental Response to Plaintiffs' Motion, attaching as an exhibit an "Assignment of Accounts," which showed that Roundup bought 804 accounts from Applied Card Systems, Inc., also to collect debts. The Assignment of Accounts did not include Plaintiffs' account.

---

[1] United States Bankruptcy Court Case No. 07-23060.

[2] According to Defendants, Klein was suspended from the practice of law in the State of New York at the time the instant motions were filed. However, pursuant to the April 14, 2009 Consent Order executed by Plaintiffs, Klein is no longer the attorney of record.

On April 17, 2008, at a hearing held before the Honorable Adlai S. Hardin, Jr., Bankruptcy Judge for the Southern District of New York, the claim was reduced to $1,100.00, the amount stated in Plaintiffs' schedule.

Count one of the ACAC alleges violations of §§ 1692e and 1692f of the FDCPA by Defendants on behalf of Plaintiffs individually and as members of a class. Section 1692e of the FDCPA provides that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. Specifically prohibited under this section is the "false representation of – (A) the character, amount, or legal status of any debts," as well as "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." Id. According to Plaintiffs, Defendants violated § 1692e "by filing claims in consumer bankruptcies wherein they falsely misrepresented the amount of the debt, and wherein they misrepresented that they had a legal right to collect the alleged debts." ACAC ¶ 31.

Section 1692f of the same statute prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt," including but not limited to "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §§ 1692f. Plaintiffs allege that Defendants filed "claims in consumer bankruptcies when they were not in possession of any agreements or documents creating the debt, and such collection was not permitted by law." ACAC ¶ 34.

The second claim alleges deceptive trade practices in violation of New York General Business Law § 349 based on the same conduct described above.

## III. APPLICABLE LEGAL STANDARDS

Defendants bring their motions to dismiss for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), and failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6).

A claim is "properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). "When jurisdiction is challenged, the plaintiff 'bears the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists.'" Arar v. Ashcroft, 532 F.3d 157, 168 (2d Cir. 2008) (quoting APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003)). "[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citation omitted). As such, the Court may rely on evidence outside the pleadings, including declarations submitted in support of the motion and the records attached to these declarations. See Makarova, 201 F.3d at 113 ("In resolving a motion to dismiss . . . under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings.").

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court construes the complaint liberally, "accepting all factual allegations in the complaint as

true, and drawing all reasonable inferences in the plaintiff's favor." Chambers v. Time Warner, Inc., 282 F.3d 147, 152 (2d Cir. 2002) (citing Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001)). However, mere "conclusions of law or unwarranted deductions of fact" need not be accepted. First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994) (quotations and citation omitted). "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims . . . .'" Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). In other words, "'the office of a motion to dismiss is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375 F.3d 168, 176 (2d Cir. 2004) (quoting Geisler v. Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980)). However, "[t]o survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns, Inc. v. Shaar

Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

## IV. DISCUSSION

### A. The FDCPA Claim Is Precluded

Both Malen, who brings its motion under Rule 12(b)(6), and Roundup, who seeks dismissal under 12(b)(1), base their arguments on the same contention, namely that Plaintiffs' action is precluded by the Bankruptcy Code. In Kokoszka v. Belford, 417 U.S. 642 (1974), the Supreme Court acknolwedged that "the Consumer Credit Protection Act [of which the FDCPA is a part] sought to prevent consumers from entering bankruptcy in the first place. However, if, despite its protection, bankruptcy did occur, the debtor's protection and remedy remained under the Bankruptcy Act [the predecessor of the Bankruptcy Code]." Id. at 651. Indeed, permitting claims under the FDCPA for conduct otherwise governed by the Bankruptcy Code "would thwart Congress' intent in promulgating the Bankruptcy Code to create a single federal system to adjust all of the rights and duties of both creditors and debtors." Diamante v.

Solomon & Solomon, P.C., No. 99 Civ. 1339, 2001 WL 1217226, at *3 (N.D.N.Y. Sept. 18, 2001).

These concerns are particularly relevant in the context of an allegedly inflated or fraudulent proof of claim, since allowing claims under the FDCPA "with its provisions permitting statutory and actual damages and attorney's fees," could prompt "debtors to ignore the procedural safeguards within the Bankruptcy Code, such as the right to object to proofs of claim and to seek sanctions against creditors who violate provisions within the Bankruptcy Code, in favor of the FDCPA." Baldwin V. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C., No. 98 C 4280, 1999 WL 284788, at *5 (N.D. Ill. Apr. 26, 1999). Accordingly, several courts have concluded that the FDCA does not provide a remedy for allegations of wrongful proof of claim. See Middleebrooks v. Interstate Credit Control, Inc., 391 B.R. 434, 437 (D. Minn. 2008) ("[W]here the alleged misconduct giving rise to an FDCPA claim occurred as part of the bankruptcy proceedings, 'allowing a bankrupt debtor to assert an FDCPA claim could potentially undermine the Bankruptcy Code's specific provisions for administration of the debtor's estate.'" (citing Molloy v. Primus Auto. Fin. Servs., 247 B.R. 804, 820 (C.D. Cal.

2000)); Gray-Mapp v. Sherman, 100 F. Supp. 2d 810, 814 (N.D. Ill. 1999) (concluding that "an FDCPA claim cannot be premised on proofs of claim filed during the bankruptcy proceeding"); Rice-Etherly v. Bank One (In re Rice-Etherly), 336 B.R. 308, 312 (Bankr. E.D. Mich. 2006) (finding FDCPA claim based on proof of claim precluded by Bankruptcy Code); Abramson v. Federman & Phelan, LLP (In re Abramson), 313 B.R. 195, 198 (Bankr. W.D. Pa. 2004) (same); see also In re Varona, 388 B.R. 705, 719 (Bankr. E.D. Va. 2008) (listing cases where courts "have considered whether a proof of claim may be the subject of a FDCPA violation [and] have concluded the FDCPA is not intended to provide a remedy for claims filed in a bankruptcy proceeding").

Plaintiffs rely on Rogers v. B-Real, L.L.C. (In re Rogers), 391 B.R. 317 (Bankr. M.D. La. 2008), in which the bankruptcy court held that a debtor could make an FDCPA claim for alleged actions of a creditor in connection with its bankruptcy case. In Rogers, the court based its holding on the Seventh Circuit Court of Appeals' decision in Randolph v. IMBS, Inc., 368 F.3d 726 (7th Cir. 2004), which held that a debtor was permitted to pursue an FDCPA claim for alleged violations of a discharge injunction and the automatic stay. See Rogers, 391 B.R. at 325. Rogers

has been criticized, however, for its reliance on Randolph, and for the implications of its reasoning. See Pariseau v. Asset Acceptance, LLC (In re Pariseau), 395 B.R. 492, 494 n.1 (Bankr. M.D. Fl. 2008) (noting that "although other courts [namely the Randolph court] have applied the FDCPA in bankruptcy cases, they have done so only in the very narrow context of situations involving the automatic stay or dischargeability" and "respectfully disagree[ing] with the Rogers court's reliance upon Randolph in reaching its holding").

This Court agrees with the majority of courts that have considered the issue that the remedy for an objection to a proof of claim lies solely under the Bankruptcy Code and not the FDCPA.[3]

**B. The State Law Claim is Precluded**

Like Plaintiffs' claims under the FDCPA, any state law claims which are based upon an alleged violation

[3] Plaintiffs also argue that because they bring their claims as a class action, they must be able to pursue this action in district court. While dismissal of the ACAC in this forum could result in the "potentially troubling" result of preventing Plaintiffs from receiving a jury trial for their class claims, such a concern carries "little weight," where, as here, Plaintiffs' class allegations are merely formulaic and insufficient to adequately allege the elements of Fed. R. Civ. P. 23(a). See Gray-Mapp, 100 F. Supp. 2d at 814.

of the Bankruptcy Code are preempted. See Diamante, 2001 WL 1217226, at *2 (concluding that "vast majority of courts that have addressed the issue have held that the Bankruptcy Code preempts state law claims that are based upon allegations that the defendant violated the Bankruptcy Code."). The reasoning behind such preemption echoes the logic described above. "All of the courts that have held that the Bankruptcy Code preempts state law claims based upon violations of the Bankruptcy Code have reasoned that the complex, detailed, and comprehensive provisions of the lengthy Bankruptcy Code . . . demonstrate Congress' intent to create a whole system under federal control which is designed to bring together and adjust all of the rights and duties of creditors and embarrassed debtors alike." Id. (citation omitted) (omission in original). The remedy for an allegedly fraudulent proof of claim is for the debtor to file a motion objecting to the claim pursuant to 11 U.S.C. § 502, rather than to pursue an action under state law. Therefore, Plaintiffs' state law claims are also dismissed.

### C. Defendants' Are Awarded Costs

Defendants have also moved for attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), which

permits the court to award reasonable attorneys' fees and costs where the FDCPA action "was brought in bad faith and for the purpose of harassment." Id. In light of Plaintiffs' careless and frivolous pursuit of this action against both Roundup and Roundup's local counsel, Malen, the Court finds that Defendants are entitled to costs associated with the instant motions.

**CONCLUSION**

Based upon the conclusions set forth above, the ACAC is dismissed with prejudice and costs. Because of the preclusive effect of the Bankruptcy Act, leave to replead is denied.

Submit judgment on notice.

So ordered.

**New York, NY**
**September 22, 2009**

ROBERT W. SWEET
U.S.D.J.