UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------X

LAMONT B. SIMMONS and MELISSA R.
SIMMONS, on behalf of themselves
and all others similarly situated,

                    Plaintiffs,          08 Civ. 6263 (RWS)

      -against-                                OPINION

ROUNDUP FUNDING, LLC, and MALEN &
ASSOCIATES, P.C.

                    Defendants.

-----------------------------------X



            Attorneys for Plaintiffs

            SHMUEL KLEIN, ESQ.
            268 Route 59
            Spring Valley, NY   10977

            Attorneys for Defendant
            Roundup Funding, LLC

            LINH K. TRAN, ESQ.
            2101 Fourth Avenue
            Seattle, WA   98121

            Attorneys for Defendant
            Malen & Associates, P.C.

            PAUL W. MAHLER, ESQ.
            123 Frost Street, Suite 203
            Westbury, NY   11590



**Sweet, D.J.**

Defendant Roundup Funding, LLC ("Roundup") has moved pursuant to Rule 12(b)(1), Fed. R. Civ. P., to dismiss the complaint of Lamont B. Simmons and Melissa Simmons (the "Simmons" or the "Plaintiffs"), or in the alternative, to remove this action to the bankruptcy court now presiding over the related pending bankruptcy action pursuant to 28 U.S.C. §§ 1452(a) and 1441(a) and for attorneys' fees pursuant to 15 U.S.C. 1692k.  Defendant Malen & Associates, P.C. ("Malen") (collectively with Roundup, the "Defendants") has also moved to dismiss Plaintiffs' complaint under Rule 12(b)(6), Fed. R. Civ. P., and for attorneys' fees and costs.  Upon the conclusions set forth below, both motions to dismiss are granted, and the complaint is dismissed with prejudice.

This putative class action alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), involves the filing of a proof of claim in the Simmons' bankruptcy which allegedly exceeded their admitted debt of $1,100.00 by $939.10.  It is a careless claim made without adequate allegations, and the complaint borders on frivolity.

1

## I.  PRIOR PROCEEDINGS

The complaint was filed on July 10, 2008.
Correspondence was exchanged and the Amended Class Action
Complaint (the "ACAC") was filed on July 22, 2008.

The instant motion was made by Malen on August
26, 2008, and fully submitted by September 22, 2008.   On
September 25, 2008, Roundup filed its companion motion to
dismiss, and on October 17, 2008, the opposition of the
Plaintiffs was filed.   A pretrial conference was scheduled
for January 29, 2009, which was adjourned pending the
outcome of the Defendants' motion by order of January 12,
2009.

On June 5, 2009, the action was reassigned to
this Court.

## II.  THE ALLEGATIONS

The following allegations, taken from the ACAC,
are accepted as true for the purpose of resolving the
instant motions to dismiss.

The ACAC alleges that the Simmons filed for
bankruptcy protection on October 30, 2007[1] and listed
Applied Card Systems, Inc., as a creditor in the amount of
$1,100.00.  On December 6, 2007, Roundup filed a proof of
claim in the amount of $2,039.21, stating that it was the
"assignor" [sic] of Applied Card Systems, Inc., without
attaching supporting documents.

On behalf of Plaintiffs, the Law Office of Shmuel
Klein, P.C. ("Klein"),[2] Plaintiffs' counsel, filed an
objection to Roundup's claim on March 14, 2008.  On April
1, 2008, Malen, on behalf of Roundup, filed a Response to
Plaintiffs' Motion, attaching an account summary and a copy
of Plaintiffs' Bankruptcy Schedule F in support of its
claim.  On April 15, 2008, Malen filed a supplemental
Response to Plaintiffs' Motion, attaching as an exhibit an
"Assignment of Accounts," which showed that Roundup bought
804 accounts from Applied Card Systems, Inc., also to
collect debts.  The Assignment of Accounts did not include
Plaintiffs' account.

---

[1] United States Bankruptcy Court Case No. 07-23060.
[2] According to Defendants, Klein was suspended from the practice of law
in the State of New York at the time the instant motions were filed.
However, pursuant to the April 14, 2009 Consent Order executed by
Plaintiffs, Klein is no longer the attorney of record.

On April 17, 2008, at a hearing held before the
Honorable Adlai S. Hardin, Jr., Bankruptcy Judge for the
Southern District of New York, the claim was reduced to
$1,100.00, the amount stated in Plaintiffs' schedule.

Count one of the ACAC alleges violations of §§
1692e and 1692f of the FDCPA by Defendants on behalf of
Plaintiffs individually and as members of a class.  Section
1692e of the FDCPA provides that "[a] debt collector may
not use any false, deceptive, or misleading representation
or means in connection with the collection of any debt."
15 U.S.C. § 1692e.  Specifically prohibited under this
section is the "false representation of — (A) the
character, amount, or legal status of any debts," as well
as "[t]he use of any false representation or deceptive
means to collect or attempt to collect any debt or to
obtain information concerning a consumer."  Id.  According
to Plaintiffs, Defendants violated § 1692e "by filing
claims in consumer bankruptcies wherein they falsely
misrepresented the amount of the debt, and wherein they
misrepresented that they had a legal right to collect the
alleged debts."  ACAC ¶ 31.

4

Section 1692f of the same statute prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt," including but not limited to "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §§ 1692f. Plaintiffs allege that Defendants filed "claims in consumer bankruptcies when they were not in possession of any agreements or documents creating the debt, and such collection was not permitted by law." ACAC ¶ 34.

The second claim alleges deceptive trade practices in violation of New York General Business Law § 349 based on the same conduct described above.

## III. APPLICABLE LEGAL STANDARDS

Defendants bring their motions to dismiss for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), and failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6).

5

A claim is "properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). "When jurisdiction is challenged, the plaintiff 'bears the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists.'" Arar v. Ashcroft, 532 F.3d 157, 168 (2d Cir. 2008) (quoting APWU v. Potter, 343 F.3d 619, 623 (2d Cir. 2003)). "[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998) (citation omitted). As such, the Court may rely on evidence outside the pleadings, including declarations submitted in support of the motion and the records attached to these declarations. See Makarova, 201 F.3d at 113 ("In resolving a motion to dismiss . . . under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings.").

In considering a motion to dismiss pursuant to Rule 12(b)(6), the Court construes the complaint liberally, "accepting all factual allegations in the complaint as

6

true, and drawing all reasonable inferences in the

plaintiff's favor." Chambers v. Time Warner, Inc., 282

F.3d 147, 152 (2d Cir. 2002) (citing Gregory v. Daly, 243

F.3d 687, 691 (2d Cir. 2001)). However, mere "conclusions

of law or unwarranted deductions of fact" need not be

accepted. First Nationwide Bank v. Gelt Funding Corp., 27

F.3d 763, 771 (2d Cir. 1994) (quotations and citation

omitted). "'The issue is not whether a plaintiff will

ultimately prevail but whether the claimant is entitled to

offer evidence to support the claims . . . .'" Villager

Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir.

1995) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236

(1974)). In other words, "'the office of a motion to

dismiss is merely to assess the legal feasibility of the

complaint, not to assay the weight of the evidence which

might be offered in support thereof.'" Eternity Global

Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y., 375

F.3d 168, 176 (2d Cir. 2004) (quoting Geisler v.

Petrocelli, 616 F.2d 636, 639 (2d Cir. 1980)). However,

"[t]o survive dismissal, the plaintiff must provide the

grounds upon which his claim rests through factual

allegations sufficient 'to raise a right to relief above

the speculative level.'" ATSI Commc'ns, Inc. v. Shaar

7

Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Bell
Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).


**IV.   DISCUSSION**


### A.   The FDCPA Claim Is Precluded


Both Malen, who brings its motion under Rule
12(b)(6), and Roundup, who seeks dismissal under 12(b)(1),
base their arguments on the same contention, namely that
Plaintiffs' action is precluded by the Bankruptcy Code.  In
Kokoszka v. Belford, 417 U.S. 642 (1974), the Supreme Court
acknolwedged that "the Consumer Credit Protection Act [of
which the FDCPA is a part] sought to prevent consumers from
entering bankruptcy in the first place.  However, if,
despite its protection, bankruptcy did occur, the debtor's
protection and remedy remained under the Bankruptcy Act
[the predecessor of the Bankruptcy Code]."  Id. at 651.
Indeed, permitting claims under the FDCPA for conduct
otherwise governed by the Bankruptcy Code "would thwart
Congress' intent in promulgating the Bankruptcy Code to
create a single federal system to adjust all of the rights
and duties of both creditors and debtors."  Diamante v.

8

Solomon & Solomon, P.C., No. 99 Civ. 1339, 2001 WL 1217226, at *3 (N.D.N.Y. Sept. 18, 2001).

These concerns are particularly relevant in the context of an allegedly inflated or fraudulent proof of claim, since allowing claims under the FDCPA "with its provisions permitting statutory and actual damages and attorney's fees," could prompt "debtors to ignore the procedural safeguards within the Bankruptcy Code, such as the right to object to proofs of claim and to seek sanctions against creditors who violate provisions within the Bankruptcy Code, in favor of the FDCPA." Baldwin V. McCalla, Raymer, Padrick, Cobb, Nichols & Clark, L.L.C., No. 98 C 4280, 1999 WL 284788, at *5 (N.D. Ill. Apr. 26, 1999). Accordingly, several courts have concluded that the FDCA does not provide a remedy for allegations of wrongful proof of claim. See Middleebrooks v. Interstate Credit Control, Inc., 391 B.R. 434, 437 (D. Minn. 2008) ("[W]here the alleged misconduct giving rise to an FDCPA claim occurred as part of the bankruptcy proceedings, 'allowing a bankrupt debtor to assert an FDCPA claim could potentially undermine the Bankruptcy Code's specific provisions for administration of the debtor's estate.'" (citing Molloy v. Primus Auto. Fin. Servs., 247 B.R. 804, 820 (C.D. Cal.

9

2000)); Gray-Mapp v. Sherman, 100 F. Supp. 2d 810, 814

(N.D. Ill. 1999) (concluding that "an FDCPA claim cannot be

premised on proofs of claim filed during the bankruptcy

proceeding"); Rice-Etherly v. Bank One (In re Rice-

Etherly), 336 B.R. 308, 312 (Bankr. E.D. Mich. 2006)

(finding FDCPA claim based on proof of claim precluded by

Bankruptcy Code); Abramson v. Federman & Phelan, LLP (In re

Abramson), 313 B.R. 195, 198 (Bankr. W.D. Pa. 2004) (same);

see also In re Varona, 388 B.R. 705, 719 (Bankr. E.D. Va.

2008) (listing cases where courts "have considered whether

a proof of claim may be the subject of a FDCPA violation

[and] have concluded the FDCPA is not intended to provide a

remedy for claims filed in a bankruptcy proceeding").


        Plaintiffs rely on Rogers v. B-Real, L.L.C. (In

re Rogers), 391 B.R. 317 (Bankr. M.D. La. 2008), in which

the bankruptcy court held that a debtor could make an FDCPA

claim for alleged actions of a creditor in connection with

its bankruptcy case.  In Rogers, the court based its

holding on the Seventh Circuit Court of Appeals' decision

in Randolph v. IMBS, Inc., 368 F.3d 726 (7th Cir. 2004),

which held that a debtor was permitted to pursue an FDCPA

claim for alleged violations of a discharge injunction and

the automatic stay.  See Rogers, 391 B.R. at 325. Rogers

10

has been criticized, however, for its reliance on Randolph,

and for the implications of its reasoning. See Pariseau v.

Asset Acceptance, LLC (In re Pariseau), 395 B.R. 492, 494

n.1 (Bankr. M.D. Fl. 2008) (noting that "although other

courts [namely the Randolph court] have applied the FDCPA

in bankruptcy cases, they have done so only in the very

narrow context of situations involving the automatic stay

or dischargeability" and "respectfully disagree[ing] with

the Rogers court's reliance upon Randolph in reaching its

holding").

This Court agrees with the majority of courts

that have considered the issue that the remedy for an

objection to a proof of claim lies solely under the

Bankruptcy Code and not the FDCPA.[3]

## B. The State Law Claim is Precluded

Like Plaintiffs' claims under the FDCPA, any

state law claims which are based upon an alleged violation

[3] Plaintiffs also argue that because they bring their claims as a class action, they must be able to pursue this action in district court. While dismissal of the ACAC in this forum could result in the "potentially troubling" result of preventing Plaintiffs from receiving a jury trial for their class claims, such a concern carries "little weight," where, as here, Plaintiffs' class allegations are merely formulaic and insufficient to adequately allege the elements of Fed. R. Civ. P. 23(a). See Gray-Mapp, 100 F. Supp. 2d at 814.

11

of the Bankruptcy Code are preempted.  See Diamante, 2001

WL 1217226, at *2 (concluding that "vast majority of courts

that have addressed the issue have held that the Bankruptcy

Code preempts state law claims that are based upon

allegations that the defendant violated the Bankruptcy

Code.").  The reasoning behind such preemption echoes the

logic described above.  "All of the courts that have held

that the Bankruptcy Code preempts state law claims based

upon violations of the Bankruptcy Code have reasoned that

the complex, detailed, and comprehensive provisions of the

lengthy Bankruptcy Code . . . demonstrate Congress' intent

to create a whole system under federal control which is

designed to bring together and adjust all of the rights and

duties of creditors and embarrassed debtors alike."  Id.

(citation omitted) (omission in original).  The remedy for

an allegedly fraudulent proof of claim is for the debtor to

file a motion objecting to the claim pursuant to 11 U.S.C.

§ 502, rather than to pursue an action under state law.

Therefore, Plaintiffs' state law claims are also dismissed.


**C.    Defendants' Are Awarded Costs**


        Defendants have also moved for attorneys' fees

and costs pursuant to 15 U.S.C. § 1692k(a)(3), which

12

permits the court to award reasonable attorneys' fees and

costs where the FDCPA action "was brought in bad faith and

for the purpose of harassment." Id.  In light of

Plaintiffs' careless and frivolous pursuit of this action

against both Roundup and Roundup's local counsel, Malen,

the Court finds that Defendants are entitled to costs

associated with the instant motions.

## CONCLUSION

Based upon the conclusions set forth above, the

ACAC is dismissed with prejudice and costs.  Because of the

preclusive effect of the Bankruptcy Act, leave to replead

is denied.

Submit judgment on notice.

So ordered.

**New York, NY**
**September 22, 2009**

ROBERT W. SWEET
U.S.D.J.

13