**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------x
LAMONT B. SIMMONS
MELISSA R. SIMMONS
on Behalf of Themselves and All Others
Similarly Situated
        Plaintiffs,
vs.                                  **Case No. 08-6263-SCR**

ROUNDUP FUNDING, LLC
MALEN & ASSOCIATES, P.C.
        Defendants.
----------------------------------------x

## AFFIRMATION IN SUPPORT OF
## PLAINTIFF'S MOTION TO REARGUE

I, Joshua N. Bleichman, counsel for the Plaintiffs herein, affirm under penalty of perjury, state that I have knowledge of the following and state the same is true except for those matters stated "upon information and belief" and as to those matters, I believe them to be true.

1.    This affirmation is in support of Plaintiffs, Lamont B. Simmons and Melissa R. Simmons, to re-consider the Order granting summary judgment and awarding costs and fees, dated September 22, 2009.

2.    As seen in the Memorandum of Law filed herewith, this Court complains that Plaintiffs should have brought their Fair Debt Collection Practices Act (FDCPA) claims before the bankruptcy court. However, bankruptcy courts do not have jurisdiction to hear FDCPA claims. Only this Court has jurisdiction to hear FDCPA claims. This Court's opinion sends Plaintiff into a circular Catch 22.

3.    The Court must be aware that neither Roundup Funding, LLC nor its attorney, Malen & Associates, P.C., were in possession of any documents

that would show that Plaintiffs incurred the alleged debt, or agreed to pay the alleged debt, when Roundup filed its proof of claim.

4. This Court has frowned on the amount in question, but the focus must be on the violation of the law. If Defendants attempt to collect $100.00 more than they are entitled to from 1,000 persons, they will reap $100,000.00 with this Court's blessing. The FDCPA does not cite an amount as a violation, only the fact that a debt is being collected, even for $1.00. See Memorandum of Law filed herewith.

5. The Court has also awarded costs and fees. Reconsideration of this portion of the Court's order is also requested. The complaint was filed in good faith. As seen in the Memorandum of Law filed herewith, it would be error to award fees and costs.

WHEREFORE, it respectfully requested that the Court grant the application to reconsider and allow Plaintiff's case to go forward or alternatively not award fees and costs against Plaintiff or its counsel and for such other relief as the Court may consider just and lawful.

Dated: September 17, 2008      __/s/_ Joshua N. Bleichman_____
Spring Valley, New York     Joshua N. Bleichman
    Law Office of Bleichman and Klein
    268 Route 59
    Spring Valley, New York 10977
    (845) 425-2510
    Attorney for Plaintiffs