**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------x
LAMONT B. SIMMONS
MELISSA R. SIMMONS
on Behalf of Themselves and All Others
Similarly Situated
         Plaintiffs,
vs.                                        Case No. 08-6263-SCR

ROUNDUP FUNDING, LLC
MALEN & ASSOCIATES, P.C.
         Defendants.
----------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO RECONSIDER

Comes Now, the Law Office of Joshua N. Bleichman, attorney for Plaintiffs herein, and files this Memorandum of Law in support of

Plaintiff hereby incorporates herein the Affirmation filed herewith.

## PRELIMINARY STATEMENT

This action was brought by Plaintiffs, Lamont B. Simmons and Melissa R. Simmons, for Defendants' violation of the FDCPA in filing and defending a bankruptcy proof of claim filed in Plaintiff's bankruptcy case.

Roundup Funding, LLC nor its attorney, Malen & Associates, P.C., had original documents that would show that Plaintiffs incurred the alleged debt, or agreed to pay the alleged debt.

Roundup Funding, LLC, and through its attorney, Malen & Associates, P.C., attempted to collect a non-existent debt, by almost doubling the debt Plaintiff owed to Applied Card Systems, Inc., in violation of 15 U.S.C. 1692 et seq., and in violation of the NY General Business Law § 349. Upon information and belief, based on public records obtained through PACER, Roundup Funding, LLC, and its attorney, Malen & Associates, P.C., engage in a pattern and practice of repeatedly attempting to collect non-existent

debts, inflating debt amounts, and filing proofs of claim in bankruptcy proceedings without any documentation which would give them the right to collect the debt.

When Plaintiff's challenged the validity of Defendants proof of claim, the Bankruptcy Judge reduced the claim to match what was scheduled in Plaintiff's bankruptcy schedules. The claim was reduced.

## ARGUMENT

### I. MOTION TO RECONSIDER

Once judgment has been entered, a motion to reconsider serves as the "functional equivalent" of a motion to alter or amend judgment filed under Federal Rule of Civil Procedure 59(e). DuBose v. Kelly, 187 F.3d 999, 1002 (8th Cir. 1999).

The function of a motion for reconsideration is to correct manifest errors of law or fact. LoSacco v. City of Middletown, 822 F. Supp. 870, 877 (D. Conn. 1993), aff'd, 33 F.3d 50 (2d Cir. 1994).

> [T]he Second Circuit has explained that "[t]he major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18B C. Wright, A. Miller, & E. Cooper, *Federal Practice & Procedure* § 4478 (2d ed. 2007)). This standard is "strict," however, and reconsideration should be granted only if "the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). If "the moving party [is] seek[ing] solely to relitigate an issue already decided," the court should deny the motion for reconsideration and adhere to its prior decision. *Id.*

### II. DEFENDANT VIOLATED FDCPA

Under the FDCPA, the plaintiff (1) is the consumer who allegedly owed a debt or a person who has been the object of efforts to collect a consumer debt, and (2) defendant

is a "debt collector" as defined. The plaintiff needed to show the third element to establish FDCPA liability: (3) the defendant has engaged in any act or omission in violation of the prohibitions or requirements of the law. Kolker v. Duke City Collection Agency, 750 F. Supp. 468, 469 (D.N.M. 1990); Riveria v. MAB Collections, Inc., 682 F. Supp. 174, 175-76 (W.D.N.Y. 1988); Withers v. Eveland, 988 F. Supp. 942, 945 (E.D. Va. 1997); Whatley v. Universal Collection Bureau, Inc., 525 F. Supp. 1204, 1206 (N.D. Ga. 1981).

Plaintiff established through an Order of the Bankruptcy Court in reducing the proof of claim that Defendants were collecting in violation of §1692.

The sole purpose of filing a proof of claim is to collect a debt. The purpose of defending a proof of claim is also to allow that debt to be collected, in other words it is also for the purpose of collecting a debt. Johnson v. Home State Bank, 501 U.S. 78, 83 (1991.

The FDCPA was intended to be self-enforcing by private actions. Congress gave the consumer the right to statutory damages -- *even if there were no actual damages* -- and the right to seek an award of attorney's fees against the debt collector. Unlike some other consumer protection laws that include such a fee-shifting incentive, the FDCPA does not allow an award of fees generally to the "prevailing party." Instead, the FDCPA provides for fees to the prevailing debt collector only "[u]pon a finding by the court that an action under [the FDCPA] was brought in bad faith and for the purpose of harassment." 15 U.S.C. §1692k(a)(3).

Plaintiff in no way can be perceived has having filed their complaint for harassment. They had a good faith basis upon the Bankruptcy Court Order reducing an

excessive claim. Based upon United States Circuit Court law, they could ***not*** bring their FDCPA claim in Bankruptcy Court, but were directed by the United States Congress to bring their action in the United States District Court.

The Court in <u>In re Rogers</u>, Case No. 07-11293 (Bankr. M. D. La. 7/21/2008) (Bankr. M. D. La., 2008) discussed the issue of whether the FDCPA applies to Proof of Claims filed in an Bankruptcy. The <u>Rogers</u> Court found that the FDCPA does apply to violative debt collection activity when filing a Proof of Claim.

The following is the analysis in <u>In re Rogers</u>:

> "The Fifth Circuit has not ruled on this specific issue, and the only two circuit courts of appeal that have considered it disagree on whether actions under both the Bankruptcy Code and the FDCPA can co-exist.
>
> The Ninth Circuit held <u>Walls v. Wells Fargo</u>, 276 F.3d 502 (9th Cir. 2002) that a debtor may not maintain simultaneous actions under both 11 U.S.C. §105 and the FDCPA. The court wrote that the debtor's FDCPA claim was actually an action for sanctions under Bankruptcy Code §105 for the creditor's alleged violation of the 11 U.S.C. §524 discharge injunction. Id. at 510. As a result, the debtor/plaintiff's sole remedy was under the Bankruptcy Code, and the debtor could not "circumvent the remedial scheme of the Code" by suing the creditor under the FDCPA. <u>Id</u>.
>
> A different analysis <u>Randolph v. IMBS, Inc.</u>, 368 F.3d 726 (7th Cir. 2004) led the court to conclude that a debtor could make an FDCPA claim for a creditor's alleged violations of the discharge injunction. The Seventh Circuit decided that although the Bankruptcy Code and the FDCPA may overlap, the Bankruptcy Code did not repeal the FDCPA. Thus, it reasoned that a debtor can bring an action against a creditor under both provisions. The court declared that "[o]ne federal statute does not preempt another," but that one of two federal statutes addressing the same subject implicitly can repeal the other if there is an "irreconcilable conflict between the statutes or a clear expressed legislative decision that one replace the other." <u>Id</u>. at 730. <u>Randolph</u> held that a debtor could seek to enforce both title 11's provision penalizing intentional violations of the automatic stay and the FDCPA, concluding that the "operational differences" between the two schemes were not irreconcilable.
>
> Reported decisions from several lower courts considering whether a debtor can seek relief under the FDCPA specifically in connection with the filing of a proof of claim in a bankruptcy proceeding, including Seventh Circuit

> jurisprudence preceding <u>Randolph</u>, have concluded a debtor cannot seek relief under the FDCPA for creditors' actions relating to their bankruptcy cases."

(Citations omitted)

> "Most of the opinions concluding that the Bankruptcy Code precludes an action under the FDCPA pre-date <u>Randolph</u>. The others are either factually distinguishable or based on limited reasoning. The thoughtful analysis of <u>Randolph</u>, on the other hand, is persuasive, and supports the conclusion that debtors may urge a FDCPA claim for alleged actions of [Defendant] in connection with their bankruptcy case. Based on the allegations of the debtors' complaint, it is not possible to conclude on a motion to dismiss that the debtors cannot prove facts entitling them to relief under the FDCPA."

<u>Id.</u>

The facts in <u>Rogers,</u> *supra* are very similar to the case at hand. The Debt Collector in that case also filed proof of claims without having proper documentation to support their claim, and also by trying to collect time barred debt. Therefore, the Defendants should be held liable for violation of the FDCPA.

The plain language of FDCPA does not provide for fees to be assessed, as here, against the unsuccessful consumer's attorney.

Furthermore, since the FDCPA allows fees to be assessed only when the case was "brought" in bad faith and for the purpose of harassment, no § 1692k(a)(3) fees can be assessed against counsel here since they did not bring this case.

In <u>Tolentino v. Friedman</u>, 46 F.3d 645, 651-652 (7th Cir. 1995) the Court stated that "Unlike most private tort litigants, [a plaintiff who brings an FDCPA action] seeks to vindicate important … rights that cannot be valued solely in monetary terms', <u>City of Riverside v. Rivera</u>, 477 U.S. 561, 106 S. Ct. 2686, 91 L. Ed. 2d 466, (1986), and Congress has determined that the public as a whole has an interest in the vindication of the statutory rights. Id.");  <u>Graziano v. Harrison</u>, 950 F.2d 107, 113-14 (3d Cir. 1991)

(FDCPA "mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general").

In contrast to other consumer protection statutes, the FDCPA does not allow a reciprocal award of fees generally to the "prevailing party." Instead, a prevailing debt collector may be awarded fees only in **limited** circumstances: "On a finding by the court that an action under this section *was brought in bad faith* and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." 15 U.S.C. § 1692k(a)(3); see also, Swanson v. Southern Oregon Credit Serv., 869 F.2d 1222, 1229 (9th Cir. 1988). The provision reassures the consumer, already vulnerable by reason of being in debt and unable to afford an attorney, that the risk lies not with losing, but solely with bringing an action in bad faith and for purpose of harassment.

## CONCLUSION

WHEREFORE, it respectfully requested that the Court grant the application to reconsider and allow Plaintiff's case to go forward or alternatively not award fees and costs against Plaintiff or its counsel and for such other relief as the Court may consider just and lawful.

Dated: September 17, 2008  
Spring Valley, New York

　　　　　　　　　　　　__/s/__ Joshua N. Bleichman_____  
　　　　　　　　　　　　Joshua N. Bleichman  
　　　　　　　　　　　　Law Office of Bleichman and Klein  
　　　　　　　　　　　　268 Route 59  
　　　　　　　　　　　　Spring Valley, New York 10977  
　　　　　　　　　　　　(845) 425-2510  
　　　　　　　　　　　　Attorney for Plaintiffs