IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAMONT B. SIMMONS,<br>MELISSA R. SIMMONS,<br>on behalf of themselves and all<br>others similarly situated,<br>               Plaintiffs,<br><br>vs.<br><br>Roundup Funding, LLC,<br>Malen & Associates, p.c.<br>               Defendants. | CASE NO. 08-6263 SCR |

MEMORANDUM IN OPPOSITION OF PLAINTIFFS'
MOTION FOR RECONSIDERATION

Respectfully Submitted,

/s/ Paul W. Mahler
Paul W. Mahler (pm-4186)
Malen & Associates, p.c.
123 Frost Street, Suite 203
Westbury, NY 11590
(516) 479-5951
Attorneys for Defendant
Malen & Associates, p.c.

## TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................................. 1

II. ARGUMENT ........................................................................................................................ 2

    a. Plaintiffs' Motion for Reconsideration fails to satisfy any elements required to justify reconsideration ................................................................................................................ 2

    b. Plaintiffs' primary case authority was overturned on appeal prior to their Motion for Reconsideration ................................................................................................................ 3

    c. Plaintiffs' have submitted no evidence ............................................................................ 3

    d. Plaintiffs failed to identify any clear error of this Court's September 23, 2009 decision .. 3

III. CONCLUSION .................................................................................................................... 5

TABLE OF CASES

**Cases**

B-Real, LLC v. Rogers, 405 B.R. 428, 431 (M.D. La.. 2009) .................................................. 3
LoSacco v. City of Middletown, 822 F.Supp 870, 877 (D.Conn.1993) ................................ 2
Rogers v. B-Real, LLC, 391 B.R. 317 (Bankr. M.D. La. 2008) ............................................. 3

**Statutes**

15 U.S.C. § 1692k(a)(3) ......................................................................................................... 4

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAMONT B. SIMMONS,<br>MELISSA R. SIMMONS,<br>on behalf of themselves and all<br>others similarly situated,<br>                Plaintiffs,<br><br>vs.<br><br>Roundup Funding, LLC,<br>Malen & Associates, p.c.<br>                Defendants. | CASE NO. 08-6263 SCR |

**MEMORANDUM IN OPPOSITION OF PLAINTIFFS'
MOTION FOR RECONSIDERATION**

I.     INTRODUCTION

This Court, in its Order dated September 23, 2009, correctly dismissed Plaintiffs' Complaint with prejudice and awarded costs to the Defendants. This Court correctly found that no cause of action lies under the Fair Debt Collection Practices Act ("FDCPA") or state law if it is premised upon actions and filings in a Bankruptcy Court.

On September 30, 2009, the Defendants were served with a clearly frivolous Motion for Reconsideration. As discussed infra, the Plaintiffs have utterly failed to identify any grounds to support their Motion for Reconsideration. Plaintiffs allege no new intervening change of law, no new evidence or a manifest error of law or fact in this Court's decision. Plaintiffs merely reference the identical cases and arguments already identified in their opposition and fail to advise the Court that their primary supporting case was overturned on appeal.

Additionally, Plaintiffs' counsel continues to assert the false allegation that Malen & Associates, p.c. filed the Proof of Claim at issue in this case. Malen & Associates, p.c., appeared to defend its client Roundup Funding, LLC against the Plaintiffs' claim challenge. Malen & Associates,

1

p.c., in representing its client, Roundup Funding, LLC, filed opposition to a motion initiated by Debtors in a bankruptcy matter. Debtors' motion was an objection to a Proof of Claim which Proof of Claim was originally filed by Roundup in the Bankruptcy Court. Malen never communicated with the Debtors, nor attempted to collect a debt. Malen was not acting as a debt collector but as an advocate of its client in defending a motion initiated by the Debtors in a bankruptcy matter. Debtors' filed this suit, opposition and now this Motion for Reconsideration claiming Malen's representation of its client in the Bankruptcy Court and its client's filing of a Proof of Claim, which amount Debtor objected to, is a violation of the Fair Debt Collection Practices Act. The Bankruptcy Code, case law and this Court's Decision support Defendant's position that the Bankruptcy Court has jurisdiction over its proceedings and a Fair Debt Collection Practices Act claim cannot be premised on proofs of claim filed during bankruptcy proceedings.

As such, Malen respectfully requests that Plaintiffs' Motion for Reconsideration be denied in its entirety and costs and attorneys fees be awarded pursuant to 15 U.S.C. § 1692k(a)(3) as the continuing of this action and the filing of the motion is clearly frivolous and done with the intent to harass.

II.    ARGUMENT

*a. Plaintiffs' Motion for Reconsideration fails to satisfy any elements required to justify reconsideration.*

As the Plaintiffs correctly identify, a Motion for Reconsideration should be made in order to correct manifest errors of law or fact. LoSacco v. City of Middletown, 822 F.Supp 870, 877 (D.Conn.1993), aff'd 33 F.3d 50 (2d Cir. 1994). This case identified the grounds required to justify reconsideration. They include: 1) change in controlling law; 2) availability of new evidence; or 3) need to correct a clear error or prevent manifest injustice. Plaintiffs failed to satisfy any of these grounds.

2

The Plaintiffs failed to identify any change in controlling law. In fact, they merely repeat the same arguments and case citations contained in their original opposition. Moreover, this Court in its Decision, addressed the cases cited by Plaintiffs in their opposition and their Motion for Reconsideration, and ruled against Plaintiffs.

### b. Plaintiffs' primary case authority was overturned on appeal prior to their Motion for Reconsideration.

Plaintiffs' continued reliance on Rogers v. B-Real, LLC, 391 B.R. 317 (Bankr. M.D. La. 2008) is completely frivolous as that decision was overturned on appeal on May 19, 2009. On appeal, the District Court agreed that the Bankruptcy Code provides the proper procedural scheme for objecting to a proof of claim. B-Real, LLC v. Rogers, 405 B.R. 428, 431 (M.D. La.. 2009). The court ruled that Rogers' claims under the FDCPA were precluded by the Bankruptcy Code and were therefore not viable. Id at 434. In short, the FDCPA does not provide a remedy for allegations of a wrongful proof of claim. Plaintiffs' sole remedy is to object to the proof of claim in accordance with the Bankruptcy Code. As such, Plaintiffs' alleged catch 22 is non-existent because no FDCPA claim exists in any forum for an alleged wrongful proof of claim. As Plaintiffs failed to identify any change in controlling law and since their primary case was overturned on appeal, they fail to satisfy this ground.

### c. Plaintiffs have submitted no evidence.

No evidence has been submitted in this case. As such, Plaintiffs' reliance on this ground would be unfounded.

### d. Plaintiffs failed to identify any clear error of this Court's September 23, 2009 decision.

Lastly, Plaintiffs have failed to identify a clear error of this Court or a manifest injustice. This Court correctly ruled that Plaintiffs' sole remedy for an objection to a proof of claim lies with the Bankruptcy Court. Plaintiffs fail, in their Motion for Reconsideration, to identify any error in the Court's logic in dismissing their frivolous Amended Complaint. Furthermore, the Court properly

3

awarded costs to Defendants for the Plaintiffs' frivolous lawsuit. Plaintiffs were even put on notice, prior to the filing of Malen & Associates, p.c.'s motion to dismiss that their Complaint and Amended Complaint were frivolous.[1] Although Plaintiffs are unhappy with the Decision of this Court, that does not satisfy the grounds of preventing manifest injustice.

As outlined above, Plaintiffs failed to satisfy any of the elements required in order to request reconsideration. Plaintiffs' Complaint and Motion for Reconsideration are both clearly frivolous in nature.[2] Plaintiffs' attempts in continuing their lawsuit against Malen, who never attempted to collect a debt from Plaintiffs is further evidence that this action is merely proceeding to harass Malen & Associates, p.c.. Therefore, it is respectfully requested that this Court deny Plaintiffs' motion, and award further costs and attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Plaintiff and their Attorneys for their continuing frivolous conduct.

---

[1] Copies of the letters addressed to Plaintiffs' counsel are annexed to the Affidavit of Paul Mahler.
[2] It is respectfully suggest that this Court have Plaintiffs and their counsel show cause why they should not be sanctioned under Rule 11 of the Fed. R. Civ. Proc.

4

5

### III.  CONCLUSION

Based upon the foregoing, it is respectfully requested that this Court deny Plaintiffs' Motion for Reconsideration and award further costs and attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) as Plaintiffs and their counsel continue this completely frivolous case.

Respectfully Submitted,

/s/ Paul W. Mahler
Paul W. Mahler (pm-4186)
Malen & Associates, p.c.
123 Frost Street, Suite 203
Westbury, NY 11590
(516) 479-5951
Attorneys for Defendant
Malen & Associates, p.c.

5